IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PROFICIO BANK, <br><br>         Plaintiff, <br><br><br>       vs. <br><br><br> THE WIRE SOURCE, LLC; BRADLEY J. RUSSELL; SOUTHINGTON INDUSTRIAL PARK, LLC; METALS DIRECT, LLC; and JOHN DOES 1-10, <br><br>         Defendants. | ORDER AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 2:11-cv-808 |

Proficio Bank (Proficio) filed suit for injuries that it alleges were caused by the Defendants' breach of a Loan and Security Agreement and other actions. One of the defendants, Southington Industrial Park, LLC (SIP), filed a motion to dismiss the claims against it (Dkt. No. 25). SIP argues that the court lacks personal jurisdiction over it and further claims that, at any rate, Proficio has failed to state a claim against the company for conversion, fraudulent transfer, or disregard of corporate form.[1]

Proficio has filed a motion to amend its complaint (Dkt. No. 33), seeking leave to add a breach of contract claim against SIP on the grounds that SIP signed a Validity Indemnification in which SIP agreed to indemnify Proficio for certain losses. SIP opposes Proficio's motion, both on the grounds that the court lacks personal jurisdiction and that the Validity Indemnification does not cover the injuries that Proficio alleges.

---

[1]Proficio also alleged causes of action for fraud and negligent misrepresentation against Southington in its First Amended Complaint. Because Proficio agreed to voluntarily dismiss these claims, the court does not address them. (See Pl.'s Opp'n Mem. 24, Dkt. No. 32.)

For the reasons discussed below, the court agrees with SIP that Proficio has failed to plead sufficient facts that would allow the court to exercise personal jurisdiction over SIP for the claims of conversion, fraudulent transfer, and disregard of corporate form.  But the court finds that, due to the Validity Indemnification, it does have jurisdiction over SIP for the breach of contract claim that Proficio seeks leave to add to its complaint.  Accordingly, the court GRANTS Plaintiff's Motion to Amend (Dkt. No. 33).  Defendant's Motion to Dismiss (Dkt. No. 25) is GRANTED IN PART, to the extent that the claims against SIP in Proficio's First Amended Complaint are DISMISSED.  The motion is DENIED IN PART, to the extent that SIP remains a party in this lawsuit on the breach of contract claim in Proficio's Second Amended Complaint. Furthermore, the claims against SIP in the First Amended Complaint are dismissed WITHOUT PREJUDICE.  If, during discovery, Proficio uncovers facts that would allow the court to exercise personal jurisdiction over SIP for these causes of action, Proficio may move to amend its complaint in order to bring these claims back.

BACKGROUND[2]

In July 2008, Proficio entered into a Loan and Security Agreement (the Agreement) with Defendant The Wire Source, LLC (Wire Source), in which Proficio agreed to make revolving loans to Wire Source up to an aggregate amount of $3.7 million.  The Agreement was signed by Bradley J. Russell and SIP as managing members of Wire Source, and the Agreement stated that its terms would be governed by Utah law.  At the same time that they signed the Agreement, Mr. Russell and SIP also signed a Revolving Demand Note and SIP signed a Validity

---

[2]The court takes these facts from Plaintiff's Opposition Memorandum (Dkt. No. 32), and assumes they are true for the purposes of this motion.

Indemnification, in which SIP agreed to indemnify Proficio for certain losses.  Later, Mr. Russell and SIP signed a Renewal Promissory Note, as well as an amendment to the Agreement.

On August 18, 2011, Proficio demanded repayment of the notes it had issued to Wire Source.  At the time of the demand, the unpaid principal amounted to $2,446,703.33.  Proficio also noticed discrepancies in the accounts receivable reports that Wire Source had given it. Because Proficio had taken a security interest in Wire Source's inventory, equipment, and accounts receivable as collateral, Proficio was concerned to discover that Wire Source had sold some of its inventory.  Proficio has not yet received any payment on the loan from Wire Source. As a result, Proficio filed suit against Wire Source, Mr. Russell, SIP, and Metals Direct, LLC, a company that Proficio believes was set up to receive Wire Source's assets.

Proficio has brought claims against SIP for fraudulent transfer, conversion, and disregard of corporate form, and seeks leave to add a claim for breach of the Validity Indemnification.  SIP does not dispute the loss of Proficio's security, but contends that it did not participate in the removal or conversion of that security.  More importantly, SIP claims that this court does not have jurisdiction over SIP because the only contacts that SIP has with Utah are the signatures on the various agreements, which SIP claims it signed as a member of Wire Source and not in its personal capacity.

ANALYSIS

Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations.  Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert.

denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  Although

all reasonable inferences must be drawn in the non-moving party's favor,  Tal, 453 F.3d at 1252,

a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to

relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007),

quoted in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).  Stating

a claim under Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions'

or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129

S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

      The court uses this same standard in order to determine whether Proficio may file its

Second Amended Complaint.  Although leave to amend should generally be freely given, the

court will deny a motion to amend "as futile when the proposed amended complaint would be

subject to dismissal for any reason."  E.SPIRE Commc'ns, Inc. v. New Mexico Pub. Regulation

Comm'n, 392 F.3d 1204, 1211 (10th Cir. 2004).

Personal Jurisdiction

      To establish personal jurisdiction over SIP, Proficio must show, first, that jurisdiction is

authorized under Utah law and, second, that the exercise of jurisdiction does not offend the due

process clause of the Fourteenth Amendment.  Far West Capital, Inc. v. Towne, 46 F.3d 1071,

1074 (10th Cir. 1995).  But the Utah Supreme Court has explicitly said that "any set of

circumstances that satisfies due process will also satisfy the long-arm statute."  SII

MegaDiamond, Inc. v. Am. Superabrasives Corp., 969 P.2d 430, 433 (Utah 1998).  This holding

collapses the Utah standard into the more general "due process" standard for jurisdiction.  See

Rusakiewicz v. Lowe, 556 F.3d 1095, 1100 (10th Cir. 2009).

The first step in this analysis is to determine whether SIP had "minimum contacts" with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In Employers Mutual Casualty Co. v. Bartile Roofs, Inc., the Tenth Circuit held that the minimum contacts test is satisfied "by showing that (1) the defendant has purposefully availed [herself] of the privilege of conducting activities or consummating a transaction in the forum state and (2) the litigation results from alleged injuries that arise out of or relate to those activities." 618 F.3d 1153, 1160 (10th Cir. 2010).

SIP argues that it does not have the "minimum contacts" necessary for a Utah court to exercise jurisdiction over it because its activities were undertaken as a corporate officer or managing member of Wire Source, and therefore do not subject Southington to jurisdiction individually. But the Supreme Court has rejected the suggestion "that employees who act in their official capacity are somehow shielded from suit in their individual capacity." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n. 13 (1984). Rather, "employees of a corporation that is subject to the personal jurisdiction of the courts of the forum may themselves be subject to jurisdiction if those employees were primary participants in the activities forming the basis of jurisdiction over the corporation." Calder v. Jones, 465 U.S. 783, 790 (1984).

The Tenth Circuit has interpreted this language in Ten Mile Industrial Park v. Western Plains Service Corp., 810 F.2d 1518 (10th Cir. 1987) and Rusakiewicz v. Lowe, 556 F.3d 1095 (10th Cir. 2009). In Ten Mile, the Tenth Circuit found that a corporation's minimum contacts could not be attributed to the individual defendants who were part of the corporation's executive committee: "Where the acts of individual principals of a corporation in the jurisdiction were

carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction."  Ten Mile, 556 F.3d at 1527 (citations omitted).  But in Rusakiewicz, the court cautioned that its holding in Ten Mile should not be read too broadly.  The court held that an employee was not shielded from jurisdiction simply because her actions were undertaken as a corporate officer.  Rather, the court may continue to exercise jurisdiction over such an employee provided that jurisdiction is based on that employee's individual contacts with the forum state.  Rusakiewicz, 556 F.3d at 1102.

The Loan Agreement

The Agreement that SIP signed as a managing member of Wire Source is not an individual contact that subjects SIP to jurisdiction in Utah.  SIP signed the agreement in its corporate, not its individual capacity.  Unlike the plaintiffs in Rusakiewicz, Proficio has not alleged that SIP performed any actions in Utah or had other individual contacts with Utah besides the documents that SIP signed for Wire Source.  As a result, the court does not have jurisdiction over SIP for the claims arising out of the Agreement.

Proficio has alleged that SIP disregarded the corporate form, and several courts have held that "where an individual has organized, used, and controlled a corporation for the sole purpose of carrying out her own business interests, the activities of the corporation within the forum are deemed the activities of the individual controlling the corporation."  Segil v. Gloria Marshall Mgmt. Co., Inc., 568 F. Supp. 915, 919 (D. Utah 1983); see also Salter v. Lawn, 294 F. Supp. 882 (D. Mass. 1968); Holfield v. Power Chemical Co., 382 F. Supp. 388 (D. Md. 1974).  But Proficio's allegations do not rise to this level.  Proficio claims that "Southington failed to participate or otherwise monitor the management of Wire Source, thereby allowing Russell to

6

utilize Wire Source as an extension of Russell's own interests."  (Am. Compl. ¶ 109, Dkt. No. 6.)

Based on these pleadings, and in the absence of any factual allegations stating otherwise, the

court cannot find that it is plausible that SIP "organized, used, and controlled" Wire Source for

the sole purpose of carrying out SIP's business interests.  As a result, the court cannot exercise

personal jurisdiction over SIP on the basis of Wire Source's actions.

The claims for conversion, fraudulent transfer, and disregard of corporate form all arise

out of the Agreement—namely, the provision of funds to Wire Source and the obligation to repay

those funds.  Because the court cannot exercise jurisdiction over SIP in relation to the

Agreement, the court must dismiss these claims.

<u>The Validity Indemnification</u>

The Validity Indemnification subjects to SIP to a different analysis.  SIP acted in its

individual capacity when it guaranteed to Proficio that certain representations concerning Wire

Source were true.  Moreover, SIP signed the agreement in order to "induce [Proficio] to extend

financial accommodations to [Wire Source]" and agreed to indemnify Proficio if any of the listed

representations in the agreement were inaccurate.  In doing so, SIP purposely availed itself of the

opportunity to conduct business with a Utah financial institution.  This contact satisfies the

minimum contacts test that the Tenth Circuit set forth in <u>Employers Mutual</u>.

Having determined that SIP's actions created sufficient "minimum contacts," the court

must still consider "whether the exercise of personal jurisdiction over the defendant offends

traditional notions of fair play and substantial justice."  <u>OMI Holdings, Inc. v. Royal Ins. Co. of

Canada</u>, 149 F.3d 1086, 1091 (10th Cir. 1998).  In making this inquiry, the court looks at five

factors: the burden on the defendant, the forum state's interest in resolving the dispute, the

plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental social policies.  Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 113 (1987).

SIP is a Connecticut limited liability company with is principal place of business in Decatur, Georgia.  (Jacobson Decl. ¶ 3, Dkt. No. 26-1.)  While SIP will face a burden by having to defend itself in Utah, the court does not find that this burden is unreasonable in light of the other factors that the court must consider.  SIP does not dispute that Proficio may litigate its claims against Mr. Russell and Wire Source in Utah, and Proficio has an interest in obtaining relief in one proceeding, rather than litigating its claims piecemeal in various fora.  The interstate judicial system shares this interest, as Proficio's claims against Wire Source and SIP arise out of the same set of events and should be litigated in the same court if possible.  As a result, the court finds it does not run afoul of traditional notions of justice and fair play to find jurisdiction over SIP in Utah.  As a result, Proficio may proceed against SIP in this court for its claim that SIP breached the Validity Indemnification.

Failure to State a Claim

Because the court finds that it does not have personal jurisdiction over SIP for the claims of fraudulent transfer, conversion, or disregard of corporate form, the court will not address SIP's argument that Proficio has failed to state a claim for these causes of action.  But SIP also contends that Proficio has failed to state a claim for breach of the Validity Indemnification.  The court disagrees.

SIP argues that the Validity Indemnification had a limited purpose, which was to warrant

8

that certain specified representations made by Wire Source to Proficio <u>prior</u> to the date of execution (July 31, 2008) were accurate.  (Def.'s Mot. to Amend 11, Dkt. No. 40.)  SIP claims that it only agreed to warrant against fraudulent statements made after the date of execution if those statements were made "with the undersigned [*i.e.* SIP's] knowledge."  (<u>Id.</u>)  But the Validity Indemnification states that all of the representations and warranties contained in the agreement "are continuing and irrevocable for so long as [Wire Source] is indebted to [Proficio]."  SIP's argument cannot stand in the face of the plain language of the indemnification agreement.

The court finds that Proficio has stated a plausible claim for breach of the Validity Indemnification.

ORDER

For the reasons stated above, the court GRANTS Plaintiff's Motion to Amend (Dkt. No. 33).  Defendant's Motion to Dismiss (Dkt. No. 25) is GRANTED IN PART and DENIED IN PART.  The court dismisses the claims for fraudulent transfer, conversion, and disregard of corporate form WITHOUT PREJUDICE for lack of personal jurisdiction, but Plaintiff may proceed on its claim for breach of the Validity Indemnification.

SO ORDERED this 26th day of April, 2012.

BY THE COURT:

TENA CAMPBELL
United States District Judge