IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **PRESTINE J. ROMERO,** <br><br>  Plaintiff, <br><br> v. <br><br> **CAROLYN W. COLVIN,**[1] <br> **Acting Commissioner of Social Security,** <br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:12-cv-0089-PMW <br><br><br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Prestine J. Romero's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security.  Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action.  *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

## BACKGROUND

In October 2009, Plaintiff applied for DIB and SSI, alleging disability beginning on August 31, 2009.[2] Plaintiff's applications were denied initially and upon reconsideration.[3] Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on June 27, 2011.[5] On July 11, 2011, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[6] On November 23, 2011, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On January 26, 2012, Plaintiff filed her complaint in this case, which was assigned to District Judge Dee Benson.[8] The Commissioner filed her answer on April 20, 2012,[9] and the court received the Administrative Record the same day.[10]

---

[2] *See* docket no. 5, Administrative Record ("Tr. ____") 115-125.

[3] *See* Tr. 54-59.

[4] *See* Tr. 75-76.

[5] *See* Tr. 27-40.

[6] *See* Tr. 12-26.

[7] *See* Tr. 3-6.

[8] *See* docket no. 3.

[9] *See* docket no. 4.

[10] *See* docket no. 5.

Plaintiff filed her opening brief on August 27, 2012.[11] After receiving an extension of time,[12] the Commissioner filed her answer brief on October 29, 2012.[13] After also receiving an extension of time,[14] Plaintiff filed her reply brief on November 19, 2012.[15]

On January 16, 2013, Judge Benson referred the case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[16] The same day, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[17] Consequently, the case was reassigned to Magistrate Judge Warner as the presiding judge pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[18]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

---

[11] *See* docket no. 10.

[12] *See* docket nos. 11-12.

[13] *See* docket no. 13.

[14] *See* docket nos. 15-16.

[15] *See* docket no. 17.

[16] *See* docket no. 18.

[17] *See* docket no. 19.

[18] *See id.*

citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

5

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff presents several arguments. One of those arguments is dispositive of Plaintiff's appeal because it mandates reversal. Accordingly, the court will address only that argument here and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

Plaintiff argues that the ALJ erred in his analysis at step four of the sequential evaluation process. Step four consists of three phases. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the first phase, the ALJ is required to evaluate a claimant's RFC. *See id*. In the second phase, the ALJ "must determine the physical and mental demands of the claimant's past relevant work." *Id*. "In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id*.

Plaintiff's specific argument is that the ALJ erred at phase one in his assessment of Plaintiff's RFC. Plaintiff contends that the ALJ did not provide a "function-by-function" analysis as required by Social Security Ruling ("SSR") 96-8p and, instead, stated Plaintiff's RFC in terms of the exertional category of light work. SSR 96-8p.

In relevant part, SSR 96-8p provides that

> [t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 [C.F.R. §§] 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

*Id*. In assessing Plaintiff's RFC, paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945 require the ALJ to specifically assess a claimant's physical abilities, mental abilities, and other abilities affected by the claimant's impairment(s). *See* 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)-(d); *see also* SSR 96-8p. Paragraph (b) requires the ALJ to consider "certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)." 20 C.F.R. §§ 404.1545(b), 416.945(b); *see also* SSR 96-8p. Paragraph (c) requires the ALJ to consider "certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting." 20 C.F.R. §§ 404.1545(c), 416.945(c); *see also* SSR 96-8p.

In this case, the ALJ did not provide a function-by-function analysis of Plaintiff's work-related abilities. Instead, the ALJ expressed Plaintiff's RFC as the ability "to perform light work" with certain limitations.[19] The ALJ erred in that regard because, as mandated by SSR 96-8p, he was not allowed to simply state Plaintiff's RFC in terms of an exertional category, such

---

[19] Tr. 18.

7

as light work, unless he first identified Plaintiff's "functional limitations or restrictions and assess . . . her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 [C.F.R. §§] 404.1545 and 416.945." SSR 96-8p. When addressing the same issue, the Tenth Circuit and district courts in the Tenth Circuit have reached the same conclusion. *See, e.g.*, *Alexander v. Barnhart*, 74 Fed. App'x 23, 28 (10th Cir. 2003); *Hodgson v. Apfel*, No. 98-2067, 1999 U.S. App. LEXIS 1487, at *10-11 (10th Cir. Feb. 3, 1999); *Guana v. Astrue*, No. 11-cv-02781-LTB, 2013 U.S. Dist. LEXIS 10954, at *15-16 (D. Colo. Jan. 28, 2013); *Baysinger v. Astrue*, No. 11-cv-00333-WYD, 2012 U.S. Dist. LEXIS 42381, at *8-9 (D. Colo Mar. 28, 2012); *Henderson-Harrison v. Astrue*, No. 10-1218-JWL, 2011 U.S. Dist. LEXIS 42050, at *9-14 (D. Kan. Apr. 18, 2011).

Based on the foregoing, the court concludes that the ALJ erred in his analysis at step four of the sequential evaluation process. Accordingly, this case must be reversed and remanded.

## CONCLUSION AND ORDER

The court concludes that the ALJ erred at step four of the sequential evaluation process, as detailed above. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

DATED this 27th day of March, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge